# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SAMEER SYED, individually and on behalf of all other similarly situated; | CASE NO. 3:18-cv-2791 |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| BETO FOR TEXAS, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff SAMEER SYED ("Plaintiff"), a Texas resident, brings this Class Action Complaint by and through his attorney, the Shawn Jaffer Law Firm PLLC, against Defendant BETO FOR TEXAS ("Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## NATURE OF THE ACTION

1.  Plaintiff brings this action individually and on behalf of all others similarly situated, for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*

## JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as a substantial portion the events or omissions giving rise to the claims occurred here, and Defendant has its headquarters here.

**PARTIES**

4.   Plaintiff is a natural person residing in McKinney, Collin County Texas, which is located within the Eastern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a political campaign headquartered at 4107 West Camp Wisdom Rd, Dallas, Texas 75237.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, volunteers, staffers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**CLASS ALLEGATIONS**

9.   Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

10.  The Class consists of:

   a.  all individuals with addresses in the State of Texas;

   b.  to whom Defendant sent text messages to secure votes for Beto O'Rourke's campaign for the U.S. Senate;

   c.  without obtaining their permission to send text messages to their cellular telephones; and

   d.  sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

2

11. The identities of all class members are readily ascertainable from the records of Defendants.

12. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

13. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's sending of text messages using an automated telephone dialing system to cellular phones of Texas residents without their permission violates 47 U.S.C. §§ 227 *et seq*.

14. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

15. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

      b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions

predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's sending of text messages using an automated telephone dialing system to cellular phones of Texas residents without their permission violates 47 U.S.C. §§ 227 *et seq.*

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions

4

would engender.

16.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

18.     In 2018, Plaintiff began receiving text messages to his cellular phones, (973) XXX-5508 and (201) XXX-6609, from Defendant.

19.     At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5508 and -6609. Plaintiff is and always has been financially responsible for the cellular phone and its services.

20.     Plaintiff received at least 9 text messages from Defendant from different phone numbers.

21.     When Plaintiff called the phone numbers that Defendant's text messages came from, all calls resulted in error messages or disconnected dial tones. This illustrates that text messages did not originate from cellular phones but came from an automated telephone dialing system.

22.     Defendant knew Plaintiff phone numbers were cellular telephone phone numbers before Defendant sent text messages to Plaintiff's phone numbers.

23.     Defendant never had permission to text or call Plaintiff's cellular telephones.

5

24.     Plaintiff attempted to stop the text messages by texting back but there was no response from the Defendant.

25.     Defendant used an automated phone dialing system to text message Plaintiff's cellular telephones.

26.     Defendant sent prerecorded text messages for Plaintiff on Plaintiff's cellular telephones.

27.     The telephone dialing system used to call Defendant has the capacity to store telephone numbers.

28.     The telephone dialing system used to call Defendant has the capacity to call or text telephone numbers automatically.

29.     The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call or text stored telephone numbers without human intervention.

30.     The telephone dialer system Defendant used to call or text Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

31.     The telephone dialer system Defendant used to call or text Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

32.     The telephone dialer system Defendant used to call or text Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

33.     The telephone dialer system Defendant used to call or text Plaintiff's cellular telephone simultaneously calls or texts multiple persons.

## COUNT I – VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

34.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

6

35.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling or text messaging persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

36.   In the case 9th Circuit case of Marks v Crunch San Diego, LLC the Court held:

> The U.S. Court of Appeals for the Ninth Circuit rejects the argument that a device cannot qualify as an automatic telephone dialing system unless it is fully automatic, meaning that it must operate without any human intervention whatsoever. By referring to the relevant device as an "automatic telephone dialing system," Congress made clear that it was targeting equipment that could engage in automatic dialing, rather than equipment that operated without any human oversight or control. 47 U.S.C.S. § 227(a)(1).

Marks v. Crunch San Diego, LLC, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *1 (9th Cir. 2018).

37.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. All text messages were pre-recorded with similar to identical formatting. None of the phone numbers had the ability to receive a return phone call. This points to the use of an ATDS.

38.   Defendant violated the TCPA by sending at least 9 text messages to Plaintiff's cellular phone using an ATDS without his consent.

39.   The calls placed by Defendant to Plaintiff were regarding political campaign activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, SAMEER SYED, individually and on behalf of all others similarly situated, demands judgment from Defendant BETO FOR TEXAS, as follows:

a. Declaring that this action is properly maintained as a Class Action and certifying Plaintiff as Class representative, and Shawn Jaffer, Esq. as Class Counsel;

b. Award Plaintiff and the Class statutory damages of at least $500.00 per phone call/text message and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

c. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 19, 2018

Respectfully submitted,

/s/ Shawn Jaffer.
SHAWN JAFFER, ESQ.
Texas Bar No.: 24107817
E-mail:    shawn@jafflaw.com
**SHAWN JAFFER LAW FIRM PLLC**
15950 Dallas Parkway, Suite 400
Dallas, Texas 75248
Phone:    214-210-0730
Fax:    214-594-6100

**ATTORNEY FOR PLAINTIFF
SAMEER SYED**