IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMEER SYED, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | CIVIL ACTION No.3:18-CV-2791 |
| vs. | |
| BETO FOR TEXAS, | |
| *Defendant.* | |

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND TO STRIKE PLAINTIFF'S PROPOSED CLASS AND BRIEF IN SUPPORT THEREOF

TABLE OF CONTENTS

I.      Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.     Summary of the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.    Plaintiff's Claim Fails to State an Individual Claim
        and Cannot Proceed as a Class Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        A.      Defendant's Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
                1.      Applicable Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
                        a.      FED. R. CIV. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
                        b.      Article III Standing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
                2.      Plaintiff has not plausibly alleged a TCPA claim. . . . . . . . . . . . . . . . . . . 9
                3.      Plaintiff fails to plead an injury in fact to demonstrate standing. . . . . . . . 10
                4.      Plaintiff is not a member of the proposed TCPA class. . . . . . . . . . . . . . . 11
        B.      Defendant's Motion to Strike the Proposed Class . . . . . . . . . . . . . . . . . . . . . . . 12
                1.      Applicable Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
                2.      Plaintiff cannot prove the proposed class is ascertainable. . . . . . . . . . . . . 13
                3.      Plaintiff cannot establish typicality under Rule 23(a)(3). . . . . . . . . . . . . 14
                4.      Plaintiff cannot establish commonality under Rule 23(a)(2) and
                        predominance under Rule 23(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
                5.      The proposed class is not certifiable because it contains
                        members who do not have standing to sue. . . . . . . . . . . . . . . . . . . . . . . 17

IV.     Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Table of Authorities

**Cases**

*Amchem Prods. v. Windsor*,
521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*AMP Auto., LLC v. B F T, LP*,
No. 17-5667, 2018 U.S. Dist. LEXIS 143215
(E.D. La. Aug. 22, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bell Atl. Corp. v. AT&T Corp.*,
339 F.3d 294 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Conrad v. GMAC*,
283 F.R.D. 326 (N.D. Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 16

*Cunningham v. Florio*,
No. 17-CV-00839-ALM-CAN, 2018 U.S. Dist. LEXIS 159203
(E.D. Tex. Aug. 6, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cunningham v. Rapid Response Monitoring Servs.*,
251 F. Supp. 3d 1187 (M.D. Tenn. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cunningham v. Techstorm*, LLC,
No. 16-CV-2879-M, 2017 U.S. Dist. LEXIS 25047
(N.D. Tex. Feb. 23, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cuvillier v. Sullivan*,
503 F.3d 397 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Dall. Cty. v. Merscorp, Inc.*,
No. 11-cv-02733-O, 2012 U.S. Dist. LEXIS 176533
(N.D. Tex. Dec. 13, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*DeBremaecker v. Short*,
433 F.2d 733 (5th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Denney v. Deutsche Bank AG*,
443 F.3d 253 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Dickson v. Am. Airlines, Inc.*,
    685 F. Supp. 2d 623 (N.D. Tex. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gen. Tel. Co. of the S.W. v. Falcon*,
    457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gene & Gene LLC v. BioPay LLC*,
    541 F.3d 318 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Horne v. Flores*,
    557 U.S. 433 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ibe v. Jones*,
    836 F.3d 516 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Rail Freight Fuel Surcharge Antitrust Litig. - MDL No. 1869*,
    725 F.3d 244 (D.C. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Jamison v. Esurance Ins. Servs.*,
    No. 15-CV-2484-B, 2016 U.S. Dist. LEXIS 9294
    (N.D. Tex. Jan. 27, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Jenkins v. Raymark Indus. Inc.*,
    782 F.2d 468 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*John v. Nat'l Sec. Fire & Cas. Co.*,
    501 F.3d 443 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lovelace v. Software Spectrum, Inc.*,
    78 F.3d 1015 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17

*Mazza v. Am Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Morris v. Unitedhealthcare Ins. Co.*,
    No. 15-CV-00638-ALM-CAN, 2016 U.S. Dist. LEXIS 168288
    (E.D. Tex. Nov. 8, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Rodney Dewayne Ford v. Fitness Int'l LLC*,
   No. 17-cv-1460-L-BT, 2018 U.S. Dist. LEXIS 157238
   (N.D. Tex. Aug. 15, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*Schlesinger v. Reservists Comm. to Stop War*,
   418 U.S. 208 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Simms v. Jones*,
   296 F.R.D. 485 (N.D. Tex. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Spokeo, Inc. v. Robins*,
   136 S.Ct. 1540 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 17

*Texas v. United States*,
   300 F. Supp. 3d 810 (N.D. Tex. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15, 17

**Statutes**
28 U.S.C. § 2072 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

47 U.S.C. § 227 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10, 15, 18

**Rules**
FED. R. CIV. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

FED. R. CIV. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-15

**Other Authorities**
7A Wright & Miller,
   FEDERAL PRACTICE AND PROCEDURE § 1764 (3d ed. 2018) . . . . . . . . . . . . . . . . . . . . 14

## I.   INTRODUCTION

This Court should dismiss Plaintiff Sameer Syed's complaint against Defendant Beto for

Texas for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227

*et seq.* because he fails to state a claim upon which relief can be granted under Federal Rule of Civil

Procedure 12(b)(6). Plaintiff's vague generalizations regarding the texts he allegedly received lack

sufficient factual allegations regarding the source, time, and frequency of the texts. Plaintiff simply

does not adequately plead facts to state a plausible claim against Beto for Texas.

Moreover, this Court should also dismiss Plaintiff's complaint because he does not plead an

injury in fact to satisfy standing under Article III. Plaintiff fails to allege even general factual

allegations of injury resulting from alleged TCPA violations. The complaint lacks any mention of an

invasion of privacy, charges incurred, a reduction in usable minutes, or occupation of his telephone

line. Because Plaintiff does not allege any harm whatsoever in the complaint, this Court should

dismiss the complaint.

Furthermore, Plaintiff is not even a member of the proposed class based on the differences

between his individual allegations and the class allegations. Plaintiff does not fall within the proposed

class definition and consequently cannot represent the proposed class. Plaintiff's claim for class-wide

relief against Beto for Texas must therefore be dismissed.

Alternatively, this Court should strike Plaintiff's class allegations because they fail to satisfy

the requirements under Federal Rule of Civil Procedure 23 to certify a class, even at this early stage.

The class is not ascertainable, and Plaintiff cannot establish typicality under Rule 23(a)(3) as his

claims do not share the same essential characteristics as the claims of the proposed class. Nor can

Plaintiff establish commonality under Rule 23(a)(2) and predominance under Rule 23(b)(3) as

common questions of law or fact do not predominate over any questions affecting only individual members of the class. In addition, the class definition contains members who did not suffer an injury in fact to satisfy standing under Article III.

## II. SUMMARY OF THE COMPLAINT

Plaintiff Sameer Syed alleges he began receiving texts from Beto for Texas on two of his cell phone numbers sometime in 2018. Dkt. No. 1, ¶ 18. He alleges he received at least nine texts from "different phone numbers." *Id.* at ¶ 20. In addition, he alleges Beto for Texas "used an automated phone dialing system" and "sent prerecorded text messages". *Id.* at ¶¶ 25-26. Plaintiff seeks to represent a class defined as:

a. all individuals with addresses in the State of Texas;
b. to whom Defendant sent text messages to secure votes for Beto O'Rourke's campaign for the U.S. Senate;
c. without obtaining their permission to send text messages to their cellular telephones; and
d. sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

*Id.* at ¶ 10.

## III. PLAINTIFF'S CLAIM FAILS TO STATE AN INDIVIDUAL CLAIM AND CANNOT PROCEED AS A CLASS ACTION.

### A. Defendant's Motion to Dismiss

#### 1. Applicable Legal Standard

##### a. FED. R. CIV. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief can be granted. To state a claim upon which relief can be granted, a complaint "must provide the plaintiff's ground for entitlement to relief - including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier*

*v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007). A court must consider both the facts alleged in a complaint and the documents attached to or incorporated into the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Factual allegations must be taken as true, but legal conclusions in the complaint are given no deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations, when taken as true, fail to show that a plaintiff is entitled to any relief, the Rule 12(b)(6) motion should be granted. A court may also consider any facts of which the court has taken judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

### b.     Article III Standing

"To establish Article III standing, a plaintiff must show: (1) an injury in fact that is (2) fairly traceable to the defendant's challenged conduct, and that (3) a favorable judicial decision will likely redress the injury." *Texas v. United States*, 300 F. Supp. 3d 810, 826 (N.D. Tex. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

For a plaintiff to have suffered an injury in fact, there must be "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560). For an injury to be "concrete" it must "actually exist" meaning it is "real and not abstract." *Id.* (quotation marks and citation omitted). "For an injury to be 'particularized' it must 'affect the plaintiff in a personal and individual way.'" *Id.* (quotation marks and citation omitted).

The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Id.* at 1547. Where a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element. *Id.*

### 2.    Plaintiff has not plausibly alleged a TCPA claim.

In the context of TCPA cases, vague generalizations regarding the alleged calls a plaintiff has received are insufficient to state a claim under the TCPA. For example, in *Cunningham v. Techstorm*, LLC, No. 16-CV-2879-M, 2017 U.S. Dist. LEXIS 25047 (N.D. Tex. Feb. 23, 2017), Chief District Judge Barbara M. G. Lynn held that a plaintiff failed to state a claim upon which relief can be granted in a similar TCPA case because the complaint did not "provide sufficient allegations regarding the source, time, and frequency of the calls." *Id.* at *6. It was insufficient to plead that the calls were made "in 2015 and/or 2016." *Id.* at *5. The complaint also did not "adequately plead facts from which the Court could conclude that the Defendant is liable for the misconduct alleged" because it "contain[ed] no facts, such as the source of or phone number making the calls, indicating that *this* Defendant is responsible for the calls received by Plaintiff." *Id.* at *6-7. There were "no additional facts identifying Defendant specifically, such as by a phone number or the contents of the message." *Id.* at *7.

Likewise, Plaintiff here fails to allege the source, time, and frequency of the texts in his complaint. He only vaguely alleges that sometime "[i]n 2018″ he received "at least nine" text messages "from different phone numbers." Dkt. No. 1, ¶¶ 18-20. He does not adequately plead facts from which this Court could conclude that Beto for Texas is liable for the misconduct alleged. He does not allege sufficient facts regarding the source of the texts, such as the telephone numbers, that would indicate Beto for Texas is responsible. No additional facts identify or link Beto for Texas specifically to the alleged texts, such as caller ID information, the contents of the messages, or screenshots of the texts identifying Beto for Texas. *See also e.g. Rodney Dewayne Ford v. Fitness Int'l LLC*, No. 17-cv-1460-L-BT, 2018 U.S. Dist. LEXIS 157238, at *10-11 (N.D. Tex. Aug. 15, 2018)

(Plaintiff's "bare bones" allegation that Defendant engaged in a "pattern and practice" of calling him at work and on his cell phone fails to state a claim under the TCPA). Because Plaintiff fails to plead sufficient facts to make his claim plausible on its face, this Court should grant Beto for Texas's motion to dismiss.

### 3.   Plaintiff fails to plead an injury in fact to demonstrate standing.

Plaintiff's TCPA claim further fails because Plaintiff does not sufficiently allege standing. The TCPA prohibits any person from making any call or text using an automatic telephone dialing system ("ATDS") or prerecorded message to any cell phone number without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). This statute provides individuals with a legal right to be free from the intrusion of such calls. *See Cunningham v. Florio*, No. 17-CV-00839-ALM-CAN, 2018 U.S. Dist. LEXIS 159203, at *7 (E.D. Tex. Aug. 6, 2018). "Courts considering harm in connection with TCPA claims have noted that one of the purposes of the TCPA was to protect telephone subscribers from the 'nuisance' of unwanted calls." *Morris v. Unitedhealthcare Ins. Co.*, No. 15-CV-00638-ALM-CAN, 2016 U.S. Dist. LEXIS 168288, at *13 (E.D. Tex. Nov. 8, 2016) (quotation marks and citation omitted).

But even where a case is at the pleading stage, a plaintiff must clearly allege facts demonstrating each element required to establish standing. *Spokeo*, 136 S.Ct. at 1547. Here, Plaintiff fails to allege even general factual allegations of injury resulting from alleged TCPA violations to establish an injury in fact. The complaint lacks any mention of an invasion of privacy, charges incurred, a reduction in usable minutes, or occupation of his telephone line, making it unavailable for other use. *See e.g. Jamison v. Esurance Ins. Servs.*, No. 15-CV-2484-B, 2016 U.S. Dist. LEXIS 9294, at *8 (N.D. Tex. Jan. 27, 2016) (finding an injury-in-fact at the pleading stage when plaintiff

suffered an occupation of his telephone line). He has not alleged harassment or annoyance by the receipt of texts. *See e.g. Morris*, 2016 U.S. Dist. LEXIS 168288, at *14; (finding an injury-in-fact where Plaintiff was annoyed and harassed by unwanted telemarketing calls); *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1197 (M.D. Tenn. 2017) (same). Because Plaintiff does not allege any harm whatsoever in his complaint, this Court should dismiss the complaint as Plaintiff fails to plead an injury in fact to demonstrate standing.

### 4. Plaintiff is not a member of the proposed TCPA class.

"To have standing to sue as a class representative it is essential that a plaintiff must be part of that class …." *Schlesinger v. Reservists Comm. to Stop War*, 418 U.S. 208, 216 (1974); *see Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 156 (1982). This Court should dismiss Plaintiff's class claim against Beto for Texas, as he does not have standing to sue on behalf of the proposed TCPA class because he is not a member of the putative class. Plaintiff seeks to represent the following TCPA class:

 a. all individuals with addresses in the State of Texas;
 b. to whom Defendant sent text messages to secure votes for Beto O'Rourke's campaign for the U.S. Senate;
 c. without obtaining their permission to send text messages to their cellular telephones; and
 d. sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

Dkt. No. 1, ¶ 10.

To be a member of the proposed TCPA class (and to represent the interests of the putative class as a class representative) as Plaintiff himself has defined it, Plaintiff must have received a text from Beto for Texas to secure votes for Beto O'Rourke's campaign for U.S. Senate. But Plaintiff fails to make this allegation in his complaint. He only alleges that "[t]he calls placed by Defendant to

Plaintiff were regarding political campaign activity ….." *Id.* at ¶ 39. Plaintiff fails to allege the source, time, and frequency of the texts in his complaint. He does not adequately plead facts from which this Court could conclude that Beto for Texas is liable for the misconduct alleged. The complaint lacks the source of the texts, such as the telephone numbers, that would indicate Beto for Texas is responsible. No additional facts identify or link Beto for Texas specifically to the alleged texts, such as caller ID information, the contents of the message, or screenshots of the texts. *See e.g. Rodney Dewayne Ford*, No. 2018 U.S. Dist. LEXIS 157238, at *10-11.

As Plaintiff does not allege any facts to show that he falls within his own definition of the proposed TCPA class, he is not a member of that class and cannot represent that proposed class. Plaintiff's claim for classwide relief against Beto for Texas must therefore be dismissed.

**B.      Defendant's Motion to Strike the Proposed Class**

**1.      Applicable Legal Standard**

At an early practicable time, this Court must determine by order whether to certify an action as a class action. *Dickson v. Am. Airlines, Inc.*, 685 F. Supp. 2d 623, 629 (N.D. Tex. 2010) (citing FED. R. CIV. P. 23(c)(1)(A)). Rule 23 allows courts to issue orders requiring "that the pleadings be amended to eliminate allegations about representation of absent persons." *Dall. Cty. v. Merscorp, Inc.*, No. 11-cv-02733-O, 2012 U.S. Dist. LEXIS 176533, at *13 (N.D. Tex. Dec. 13, 2012) (citing FED. R. CIV. P. 23(d)(1)(D)). "A court may strike class allegations under this rule where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23′s mandate." *Id.* at *13-14 (quotation marks and citation omitted).

To obtain class certification under Rule 23, a plaintiff must satisfy the requirements of Rule 23(a)-numerosity, commonality, typicality, and adequacy of representation-and one subsection of

Rule 23(b). FED. R. CIV. P. 23(a), (b); *see Conrad v. GMAC*, 283 F.R.D. 326, 328 (N.D. Tex. 2012). A plaintiff has the burden of proving that the proposed class meets the four requirements. *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). These four requirements effectively limit the class claims to those fairly encompassed by the named plaintiff's claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Because Plaintiff Syed's proposed class here cannot meet the requirements of Rule 23, his proposed class should be stricken.

### 2.      Plaintiff cannot prove the proposed class is ascertainable.

Before the Court can evaluate a proposed class under Rule 23, it must consider whether the class membership is ascertainable under the proposed definition. *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23."). "It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) (finding class made up of "residents of this State active in the 'peace movement'" too vague). Thus, vague and subjective elements within a class definition may render a class unascertainable. *Simms v. Jones*, 296 F.R.D. 485, 506 (N.D. Tex. 2013).

Here, Plaintiff's vague allegations within the class definition make the class unascertainable on its face. As explained *infra*, Plaintiff fails to allege that the putative class members received texts made with the use of an ATDS or a prerecorded voice. *See* Dkt. No. 1. As such, the class sought to be represented is not adequately defined because it contains anyone who ever received a text from Beto for Texas, including texts sent in compliance with the TCPA. With this class definition, it would be impossible and administratively infeasible to determine who has a valid TCPA claim.

Plaintiff has failed his burden of proving that he satisfies all of the Rule 23 requirements, including the implied prerequisite of ascertainability. *Gene & Gene LLC*, 541 F.3d at 325. His class allegations are therefore facially deficient, and this Court should therefore order that they be stricken.

### 3. Plaintiff cannot establish typicality under Rule 23(a)(3).

Plaintiff's class allegations also fail to allege the typicality needed to proceed as a putative class action. Rule 23(a)(3) requires a plaintiff to establish that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The requirement depends "less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of legal and remedial theories behind their claims." *Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016) (quoting *Jenkins v. Raymark Indus. Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)). "A typicality inquiry may be used to 'screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present.'" *AMP Auto., LLC v. B F T, LP*, No. 17-5667, 2018 U.S. Dist. LEXIS 143215, at *7 (E.D. La. Aug. 22, 2018) (quoting 7A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1764 (3d ed. 2018)).

Here, the legal and factual position of Plaintiff is markedly different the members of the proposed class. Plaintiff alleges that Beto for Texas "used an automated phone dialing system" and "sent prerecorded text messages" to his cell phone numbers without his prior express consent. Dkt. No. 1, ¶¶ 23, 25-26. But the class definition – the class members which Plaintiff purports to represent – does not state the same factual allegations. The definition is not limited to individuals who also received texts from Beto for Texas using an ATDS or prerecorded message. *Id.* at ¶ 10. Nor is it

alleged elsewhere in the complaint. *See* Dkt. No. 1.  Instead, Plaintiff seeks to represent a class of individuals to whom *any* text messages were sent through *any* method.

The TCPA permits texts made to cell phone numbers without the use of an ATDS or a prerecorded message absent prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). Thus, the failure to limit the the class definition to TCPA-prohibited conduct is both a legal and factual position of the proposed class that is markedly different than that of Plaintiff. Thus, Plaintiff's claim is not typical of the class claims. Because Plaintiff cannot meet the requirements of Rule 23(a)(3), his class allegations should be stricken.

> **4.     Plaintiff cannot establish commonality under Rule 23(a)(2) and predominance under Rule 23(b)(3).**

As with ascertainability and typicality, Plaintiff class allegations also fail to show commonality and predominance.  Commonality requires a plaintiff to show common questions of law or fact predominate over any questions affecting only individual members of the class. FED. R. CIV. P. 23(a)(2). To establish commonality, a plaintiff must also show that a class-wide proceeding will "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores*, 564 U.S. at 350 (quotation marks and citation omitted).

The predominance inquiry requires a court to consider "how a trial on the merits would be conducted if a class were certified." *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003) (quotation marks and citation omitted). This requires "identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials." *Id.* (quotation marks and citation omitted). The predominance requirement of Rule 23(b)(3), though similar to the commonality requirement of Rule 23(a), is "far

more demanding" because it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 623-24 (1997).

In the context of TCPA cases, this Court has held that "one of the substantive issues that will control the outcome [under Rule 23(b)(3)] is whether the putative classmembers consented to [Defendant] contacting them via their cellular telephones." *Conrad*, 283 F.R.D. at 329 (N.D. Tex. 2012). Although the plaintiff in *Conrad* alleged a common course of conduct in making the calls, the court found that "individual issues of consent would predominate at a trial on the merits if the Court were to certify the class" because "putative classmembers could have given their consent in a variety of different ways" or "putative classmembers may argue that they never gave consent despite [Defendant's] records to the contrary". *Id.* at 330. Ultimately, "the consent issue would necessitate individual inquiries regarding each putative classmember's account and the circumstances surrounding each call or contact." *Id.*

Similarly, Plaintiff here alleges that "[t]he principal issue is whether the Defendant's sending of text messages using an automated telephone dialing system to cellular phones of Texas residents without their permission violates 47 U.S.C. §§ 227 et seq." Dkt. No. 1, ¶¶ 13, 15(b). Like Conrad, individual issues of consent would predominate at a trial on the merits in this case as determination of this issue would require extensive individual inquiries into each text received by putative class members and the circumstances surrounding each text-determining whether or not consent to contact was granted by e-mail, website, call, in person, etc.-requiring extensive inquiry into every contact made to every putative class member. Because Plaintiff's proposed class cannot meet the requirements of commonality and predominance, his proposed class should be stricken.

### 5.    The proposed class is not certifiable because it contains members who do not have standing to sue.

As explained *supra*, Article III requires a plaintiff to suffer an injury that is concrete, particularized, and actual or imminent. *Horne v. Flores*, 557 U.S. 433, 445 (2009). It must be fairly traceable to the challenged conduct of the defendant and is likely, as opposed to merely speculative, that a favorable decision by the court will redress the injury for the plaintiff to have standing to bring suit. *Lujan*, 504 U.S. at 560-61. For an injury to be particularized, it must affect the plaintiff in a personal and individual way. *Spokeo, Inc.*, 136 S. Ct. at 1548. The injury-in-fact must also be concrete and real, and not abstract. *Id.* at 1556.

Article III's requirements apply to class actions just as they do in any other case. Rule 23 cannot expand the scope of federal jurisdiction and must be "be interpreted in keeping with Article III constraints." *Amchem*, 521 U.S. at 613. The Rules Enabling Act makes clear and expressly "forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right.'" *Wal-Mart Stores, Inc.*, 564 U.S. at 349 (quoting 28 U.S.C. § 2072(b)). Reading Rule 23 to permit the resolution of claims that could not be brought as individual actions violates that prohibition. It follows that courts may not certify classes that include members who lack standing-for example, classes that include uninjured claimants. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) ("no class may be certified that contains members lacking Article III standing"); *Mazza v. Am Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012) (same). Whether viewed as a threshold requirement or as part of Rule 23(b)(3)'s predominance requirement, *see In re Rail Freight Fuel Surcharge Antitrust Litig. - MDL No. 1869*, 725 F.3d 244, 252 (D.C. Cir. 2013), the principle is the same: no class with uninjured members can be certified.

As the proposed class is currently defined, not a single putative class member could have suffered an Article III injury. The TCPA only prohibits making texts using an ATDS to cell phone numbers without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). Texts made to cell phone numbers without the use of an ATDS are permitted under the TCPA – even without prior express consent. Plaintiff's proposed class, however, includes all text recipients, regardless of means of transmission, including a vast number of people who legally received texts from Beto for Texas pursuant to its political activity.

Plaintiff does not state a claim upon which relief can be granted for the putative class, and this Court cannot redress any injury for the class members who do not have standing to bring suit. Because Plaintiff's proposed class contains members who do not have standing to sue, this Court should strike Plaintiff's class allegations.

## IV.   CONCLUSION

This Court should dismiss Plaintiff's complaint because he fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's vague generalizations regarding the text messages he allegedly received from Beto for Texas lack sufficient factual basis. He has failed to provide his entitlement to relief beyond mere labels and conclusions and for this reason alone his claims should be dismissed.

This Court should also dismiss Plaintiff's complaint because he fails to plead an injury in fact to satisfy standing under Article III. Plaintiff's failure to allege even general factual allegations of injury resulting from alleged TCPA violations is equally fatal to his complaint.

As to his purported class action, Plaintiff does not fall within his own proposed class definition and consequently cannot represent the proposed class. Plaintiff's claim for class-wide relief against Beto for Texas must therefore be dismissed.

Alternatively, this Court should strike Plaintiff's class allegations because they fail on their face to satisfy the Rule 23 requirements to certify a class. The class is not ascertainable, and Plaintiff cannot establish typicality under Rule 23(a)(3) as his claims do not share the same essential characteristics as the claims of the proposed class. Plaintiff also cannot establish commonality under Rule 23(a)(2) and predominance under Rule 23(b)(3) as common questions of law or fact do not predominate over any questions affecting only individual members of the class.

Furthermore, the class definition included individuals who did not suffer an injury in fact to satisfy standing under Article III.

Beto for Texas therefore requests this Court dismiss the complaint, strike Plaintiff's class allegations, and grant such other relief as it deems just and proper.

Respectfully submitted,

*/s/ Charla G. Aldous*
CHARLA G. ALDOUS
Texas Bar No. 20545235
caldous@aldouslaw.com
BRENT R. WALKER
Texas Bar No. 24047053
bwalker@aldouslaw.com
ALDOUS\WALKER LLP
2311 Cedar Springs Rd., Suite 200
Dallas, TX 75201
Phone: (214) 526-5595
Fax:    (214) 526-5525

DEAN GRESHAM
Texas Bar No. 24027215
dean@stecklerlaw.com
L. KIRSTINE ROGERS
Texas Bar No. 24033009
krogers@stecklerlaw.com
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040

WILLIAM E. RANEY
*(Pro hac vice to be submitted)*
Missouri Bar No. 46954
KELLIE MITCHELL BUBECK
*(Pro hac vice to be submitted)*
Missouri Bar No. 65573
COPILEVITZ & CANTER, LLC
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
Phone: (816) 472-9000
Fax:    (816) 472-5000

ATTORNEYS FOR DEFENDANT BETO FOR TEXAS

\* \* \*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via the Court's e-filing system on this 12th day of November, 2018.

*/s/ Charla G. Aldous*
CHARLA G. ALDOUS