IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMEER SYED, individually and on behalf of all others similarly situated,<br><br>                  *Plaintiff(s)*,<br>vs.<br><br>BETO FOR TEXAS, BETO O'ROURKE, AND JOHN DOES 1-25,<br><br>                  *Defendants*. | CIVIL ACTION NO. 3:18-CV-2791 |

DEFENDANT BETO FOR TEXAS'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW Defendant Beto for Texas ("Defendant"), by and through counsel, and answers Plaintiff's First Amended Class Action Complaint as follows. Unless expressly admitted by Beto for Texas, all allegations set forth in the First Amended Class Action Complaint shall be deemed denied.

**NATURE OF THE ACTION**

1. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, does not include the following statutory sections, i.e. "*et seq.*". Defendant therefore denies the allegations set forth in paragraph one of Plaintiff's First Amended Class Action Complaint.

**JURISDICTION AND VENUE**

2. Defendant admits the allegations set forth in paragraph two of Plaintiff's First Amended Class Action Complaint.

3. Defendant admits the allegations set forth in paragraph three of Plaintiff's First Amended Class Action Complaint.

4. Defendant denies that it maintains an office in Dallas, Texas but admits the remaining allegations set forth in paragraph four of Plaintiff's First Amended Class Action Complaint.

## PARTIES

5. Defendant is without sufficient knowledge as to the allegations in paragraph five of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph five of Plaintiff's First Amended Class Action Complaint.

6. Defendant admits the allegations set forth in paragraph six of Plaintiff's First Amended Class Action Complaint.

7. Defendant denies the allegations set forth in paragraph seven of Plaintiff's First Amended Class Action Complaint.

8. Defendant is without sufficient knowledge as to the allegations in paragraph eight of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph eight of Plaintiff's First Amended Class Action Complaint.

9. Defendant denies the allegations set forth in paragraph nine of Plaintiff's First Amended Class Action Complaint.

10. Defendant admits it is a person as defined by 47 U.S.C. § 153(39) but is without sufficient knowledge as to the remaining allegations set forth in paragraph 10 of Plaintiff's First Amended Class Action Complaint, and therefore denies the remaining allegations set forth in paragraph 10 of Plaintiff's First Amended Class Action Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of Plaintiff's First Amended Class Action Complaint.

## CLASS ACTION ALLEGATIONS

12. Defendant denies in whole Plaintiff's class action allegations, and therefore denies the allegations set forth in paragraph 12 of Plaintiff's First Amended Class Action Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of Plaintiff's First Amended Class Action Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of Plaintiff's First Amended Class Action Complaint.

15. Defendant is without sufficient knowledge as to the allegations in paragraph 15 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 15 of Plaintiff's First Amended Class Action Complaint.

16. Defendant is without sufficient knowledge as to the allegations in paragraph 16 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 16 of Plaintiff's First Amended Class Action Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of Plaintiff's First Amended Class Action Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of Plaintiff's First Amended Class Action Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of Plaintiff's First Amended Class Action Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of Plaintiff's First Amended Class Action Complaint.

21-23. Plaintiff's First Amended Class Action Complaint is missing these paragraphs and Defendant therefore does not have responses.

24. Defendant denies the allegations set forth in paragraph 24 of Plaintiff's First Amended Class Action Complaint.

## FACTUAL ALLEGATIONS

25. Defendant is without sufficient knowledge as to the allegations in paragraph 25 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 25 of Plaintiff's First Amended Class Action Complaint.

26. Defendant is without sufficient knowledge as to the allegations in paragraph 26 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 26 of Plaintiff's First Amended Class Action Complaint.

27. Defendant is without sufficient knowledge as to the allegations in paragraph 27 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 27 of Plaintiff's First Amended Class Action Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiff's First Amended Class Action Complaint.

29. Defendant is without sufficient knowledge as to the allegations in paragraph 29 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 29 of Plaintiff's First Amended Class Action Complaint.

30. Defendant is without sufficient knowledge as to the allegations in paragraph 30 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 30 of Plaintiff's First Amended Class Action Complaint.

31. Defendant is without sufficient knowledge as to the allegations in paragraph 31 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 31 of Plaintiff's First Amended Class Action Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of Plaintiff's First Amended Class Action Complaint.

33. Defendant is without sufficient knowledge as to the allegations in paragraph 33 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 33 of Plaintiff's First Amended Class Action Complaint.

34. Defendant is without sufficient knowledge as to the allegations in paragraph 34 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 34 of Plaintiff's First Amended Class Action Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of Plaintiff's First Amended Class Action Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of Plaintiff's First Amended Class Action Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of Plaintiff's First Amended Class Action Complaint.

38. Defendant is without sufficient knowledge as to the allegations in paragraph 38 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 38 of Plaintiff's First Amended Class Action Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of Plaintiff's First Amended Class Action Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of Plaintiff's First Amended Class Action Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of Plaintiff's First Amended Class Action Complaint.

42. Defendant is without sufficient knowledge as to the allegations in paragraph 42 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 42 of Plaintiff's First Amended Class Action Complaint.

43. Defendant is without sufficient knowledge as to the allegations in paragraph 43 of Plaintiff's First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 43 of Plaintiff's First Amended Class Action Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of Plaintiff's First Amended Class Action Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of Plaintiff's First Amended Class Action Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of Plaintiff's First Amended Class Action Complaint.

47. Defendant denies the allegations set forth in paragraph 47 of Plaintiff's First Amended Class Action Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of Plaintiff's First Amended Class Action Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of Plaintiff's First Amended Class Action Complaint.

50. Defendant denies the allegations set forth in paragraph 50 of Plaintiff's First Amended Class Action Complaint.

51. Defendant denies the allegations set forth in paragraph 51 of Plaintiff's First Amended Class Action Complaint.

52. Defendant denies the allegations set forth in paragraph 52 of Plaintiff's First Amended Class Action Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of Plaintiff's First Amended Class Action Complaint.

54. Defendant denies the allegations set forth in paragraph 54 of Plaintiff's First Amended Class Action Complaint.

55. Defendant denies the allegations set forth in paragraph 55 of Plaintiff's First Amended Class Action Complaint.

56. Defendant denies that it used an automatic telephone dialing system ("ATDS") and is without sufficient knowledge regarding the remainder of the allegations set forth in paragraph 56 of Plaintiff's First Amended Class Action Complaint and therefore denies those allegations.

57. Defendant denies that it used a prerecorded message and is without sufficient knowledge regarding the remainder of the allegations set forth in paragraph 57 of Plaintiff's First Amended Class Action Complaint and therefore denies those allegations.

58. Defendant denies that it used an ATDS and is without sufficient knowledge regarding the remainder of the allegations set forth in paragraph 58 of Plaintiff's First Amended Class Action Complaint and therefore denies those allegations.

59. Defendant denies that it used a prerecorded message and is without sufficient knowledge regarding the remainder of the allegations set forth in paragraph 59 of Plaintiff's First Amended Class Action Complaint and therefore denies those allegations.

60. Defendant denies the allegations set forth in paragraph 60 of Plaintiff's First Amended Class Action Complaint.

61. Defendant denies the allegations set forth in paragraph 61 of Plaintiff's First Amended Class Action Complaint.

62. Defendant denies the allegations set forth in paragraph 62 of Plaintiff's First Amended Class Action Complaint.

63. Defendant denies the allegations set forth in paragraph 63 of Plaintiff's First Amended Class Action Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of Plaintiff's First Amended Class Action Complaint.

65. Defendant denies the allegations set forth in paragraph 65 of Plaintiff's First Amended Class Action Complaint.

66. Defendant denies the allegations set forth in paragraph 66 of Plaintiff's First Amended Class Action Complaint.

67. Defendant denies the allegations set forth in paragraph 67 of Plaintiff's First Amended Class Action Complaint.

68. Defendant denies the allegations set forth in paragraph 68 of Plaintiff's First Amended Class Action Complaint.

69. Defendant denies the allegations set forth in paragraph 69 of Plaintiff's First Amended Class Action Complaint.

70. Defendant denies the allegations set forth in paragraph 70 of Plaintiff's First Amended Class Action Complaint.

71. Defendant denies the allegations set forth in paragraph 71 of Plaintiff's First Amended Class Action Complaint.

72. Defendant denies the allegations set forth in paragraph 72 of Plaintiff's First Amended Class Action Complaint.

73. Defendant denies the allegations set forth in paragraph 73 of Plaintiff's First Amended Class Action Complaint.

74. Defendant admits the allegations set forth in paragraph 74 of Plaintiff's First Amended Class Action Complaint.

75. Defendant denies that it has engaged in any form of "abuse" and therefore denies the allegations set forth in paragraph 75 of Plaintiff's First Amended Class Action Complaint.

76. The FCC's statements speak for themselves, and paragraph 76 of Plaintiff's First Amended Class Action Complaint therefore requires no response.

77. Defendant admits the allegations set forth in paragraph 77 of Plaintiff's First Amended Class Action Complaint.

78. Defendant denies the allegations set forth in paragraph 78 of Plaintiff's First Amended Class Action Complaint.

79. Defendant admits the allegations set forth in paragraph 79 of Plaintiff's First Amended Class Action Complaint.

80. Defendant denies the allegations set forth in paragraph 80 of Plaintiff's First Amended Class Action Complaint.

81. Defendant admits that Beto O'Rourke is a natural person but denies the remaining allegations set forth in paragraph 81 of Plaintiff's First Amended Class Action Complaint.

82. Defendant denies the allegations set forth in paragraph 82 of Plaintiff's First Amended Class Action Complaint.

83. The allegations forth in paragraph 83 of Plaintiff's First Amended Class Action Complaint do not specify why Defendant would bear any burden of proof and therefore Defendant denies the allegations set forth in paragraph 83 of Plaintiff's First Amended Class Action Complaint.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

84. Defendant restates and re-alleges by reference paragraphs one through 83 of Defendant Beto for Texas's Answer to Plaintiff's First Amended Class Action Complaint.

85. The cited sections of the TCPA speak for themselves, and paragraph 85 of Plaintiff's First Amended Class Action Complaint therefore requires no response.

86. The Ninth Circuit's opinion in *Marks v. Crunch San Diego* speaks for itself, and paragraph 86 of Plaintiff's First Amended Class Action Complaint therefore requires no response.

87. Defendant denies the allegations set forth in paragraph 87 of Plaintiff's First Amended Class Action Complaint.

88. Defendant denies the allegations set forth in paragraph 88 of Plaintiff's First Amended Class Action Complaint.

89. Defendant admits the allegations set forth in paragraph 89 of Plaintiff's First Amended Class Action Complaint.

90. Defendant denies the allegations set forth in paragraph 90 of Plaintiff's First Amended Class Action Complaint.

91. Defendant denies the allegations set forth in paragraph 91 of Plaintiff's First Amended Class Action Complaint.

## AFFIRMATIVE DEFENSES

1. Defendant has complied in all respects with any and all obligations that it may have owed to Plaintiff.

2. Defendant did not use an ATDS to send text messages.

3. Defendant did not use an artificial and/or prerecorded voice to send text messages.

4. Plaintiff's First Amended Class Action Complaint is barred, in whole or in part, by the doctrine of laches.

5. Plaintiff's First Amended Class Action Complaint is barred, in whole or in part, by the doctrine of unclean hands.

6. Plaintiff's First Amended Class Action Complaint is barred, in whole or in part, by the doctrine of waiver.

7. Plaintiff's First Amended Class Action Complaint is barred, in whole or in part, by one or more of the respective doctrines of estoppel.

8. Plaintiff lacks standing to sue Defendant.

9. Plaintiff has not incurred any actual injury or damages.

10. Any recovery by Plaintiff of statutory damages violates Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under the Texas Constitution.

11. If Plaintiff has sustained any damages, all such damages were not caused by Defendant, but were caused by the acts or omissions of third-parties over whom Defendant has no control.

12. Plaintiff is not entitled to recovery, in whole or in part, based upon his failure to mitigate damages. As such, any recovery should be reduced or precluded to the extent of such failure.

13. Defendant did not engage in any knowing or willful conduct toward Plaintiff.

14. The claim asserted by Plaintiff is not so numerous that joinder of all members of the putative class is impracticable.

15. The putative class is not ascertainable.

16. The claim asserted by Plaintiff does not raise questions of law or fact common to the putative class.

17. Neither the claim asserted by Plaintiff nor the defenses available to and asserted by Defendant are typical of those of the putative class.

18. Neither the named class representatives nor their counsel will fairly and adequately protect the interests of the putative class.

19. The claim asserted by Plaintiff does not raise common questions that will predominate or promote the manageability of this action.

20. Class treatment is not superior to other available methods for the fair and efficient adjudication of this action.

21. Defendant reserves the right to assert such other and additional defenses for which discovery may reveal a factual basis.

22. The allegations of the First Amended Class Action Complaint are not well-grounded either in fact or in law, and/or have been asserted for an improper purpose, and Defendant reserves the right to seek an award of counsel fees and costs of suit against Plaintiff based thereon.

23. Defendant asserts an affirmative defense that relies upon such defenses as may become legally available hereunder or become apparent during discovery, including without limitation those defenses specific to the statutory law and common law of the United States of America which were available at the time the action was commenced or became available during the pendency of this proceeding and thereby reserve the right to amend their answer to assert any such defenses.

WHEREFORE having fully answered Plaintiff's First Amended Class Action Complaint, Defendant prays that the Court dismiss Plaintiff's First Amended Class Action Complaint with prejudice, and award Defendant any other relief the Court deems equitable and just.

Respectfully submitted,

*/s/ Dean Gresham*
DEAN GRESHAM
Texas Bar No. 24027215
dean@stecklerlaw.com
L. KIRSTINE ROGERS
Texas Bar No. 24033009
krogers@stecklerlaw.com
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040

WILLIAM E. RANEY
*(Pro hac vice to be submitted)*
Missouri Bar No. 46954
braney@cckc-law.com
KELLIE MITCHELL BUBECK
*(Pro hac vice to be submitted)*
Missouri Bar No. 65573
kmitchell@cckc-law.com
COPILEVITZ & CANTER, LLC
310 W. 20th Street, Suite 300
Kansas City, MO 64108
Phone: (816) 472-9000
Fax:    (816) 472-5000

ATTORNEYS FOR DEFENDANT BETO FOR TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via the Court's e-filing system on this 7th day of January, 2019.

*/s/ Dean Gresham*
DEAN GRESHAM