IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMEER SYED, individually and on behalf of all others similarly situated,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>BETO FOR TEXAS, BETO O'ROURKE, and JOHN DOES 1-25,<br><br>*Defendants*. | CIVIL ACTION NO. 3:18-CV-2791 |

DEFENDANT BETO O'ROURKE'S MOTION TO DISMISS AND BRIEF IN SUPPORT
AND, SUBJECT TO THAT MOTION,
ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Beto O'Rourke ("O'Rourke") should not be a party to this matter as, under Texas law, he is not and cannot be liable for the conduct complained of by Plaintiff. As such, the claims against him must be dismissed.

Plaintiff originally sued "Beto for Texas", a federally registered principal campaign committee[1], alleging that it sent text messages to Plaintiff and a putative class of individuals in violation of the Telephone Consumer Protection Act ("TCPA"). The lawsuit was filed on October 19, 2018, just over three weeks prior to the 2018 mid-term elections during a period of heightened publicity towards O'Rourke. After the election, Beto for Texas ("BFT") moved to dismiss the complaint under Rule 12(b)(6) due to the failure to plead a viable claim against BFT. Also, as the election was over, BFT's reason for existence as an association came to an end.

In response, Plaintiff sought to amend, and Plaintiff added claims against O'Rourke and 25 "John Does" in addition to BFT. However, in so doing, Plaintiff asserted no new facts that would give rise to personal liability of O'Rourke, and no factual basis exists to hold O'Rourke personally

---

[1] See Federal Election Commission Committee ID#C00501197 at fec.gov.

liable in this case. Rather, Plaintiff–*at times*[2]–lumps all the parties defendant together with the phrase "Defendants" without differentiating who allegedly did what. At no point in time does Plaintiff allege any conduct specifically done by O'Rourke, controlled by O'Rourke, or any other theory of law that would set forth a plausible basis to hold O'Rourke individually liable in this case. Moreover, Texas law is clear that O'Rourke cannot be held liable for the conduct, if any, of BFT or BFT's agents. This failure to state a claim against O'Rourke individually requires that the Court dismiss his claim.

In Part I of this pleading, O'Rourke moves to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).

In Part II of this pleading, and in compliance with the Court's Order on deadline to file a response to Plaintiffs' Amended Complaint,[3] O'Rourke files an answer subject to that Motion to Dismiss.

## I.
### THE COURT SHOULD DISMISS THE CLAIMS AGAINST O'ROURKE PURSUANT TO FRCP 12(B)(6) FOR FAILURE TO STATE A CLAIM REGARDING O'ROURKE'S LIABILITY FOR THE CONDUCT AT ISSUE

### A.    Plaintiffs' Factual Allegations.

Plaintiffs' lawsuit and request for a class action centers around 11 text messages he claims he received in violation of the TCPA. The allegedly actionable text messages are from the following people:

1.    "Natalya" at 512-399-1786;
2.    "Natalie" at 830-268-0396;
3.    "Ballard" at 512-640-0189;
4.    "Jenny" at 817-601-1180;
5.    "Aaron" at 806-994-4254;
6.    "Mia" at 830-254-5752;
7.    "Sara" at 817-809-2549;
8.    "Cathy" at 361-492-6080;
9.    "Sharon" at 956-446-0449;
10.    "Dee" at 830-444-4172; and

---

[2] *Compare* Dkt. 11, Amended Class Action Complaint at ¶¶ 28, 31, 31, 39, 53 (referencing actions by "Defendant" or "Defendant's volunteers") *with passim* (referencing actions by "Defendants").

[3] Dkt. 16, Electronic Order ("Accordingly, the deadline for Defendants' to file their response to Plaintiffs' First Amended Complaint is 1/7/2019.").

11.     "Tracy" at 830-469-4873.[4]

Each of the individuals allegedly texts the Plaintiff from a separate and their own number–not from a central calling system, and each of them identifies who they are and that they are with either BFT or "O'Rourke's campaign" which is BFT.[5]

None of the text messages complained of in Plaintiffs' *Amended Class Action Complaint* are from O'Rourke himself or from anyone who states clearly that they are an agent of O'Rourke himself.  There is no allegation that O'Rourke owns or controls any of the cell numbers from where the text messages were sent.  Nor do any of the text messages indicate that they were made at the request of O'Rourke, with his permission, or that O'Rourke ratified the text messages.

O'Rourke denies Plaintiffs' allegations as set forth below, however, even on Plaintiffs' own allegations, the only reasonable inference that could be drawn from the factual allegations to support Plaintiffs' claims is that text messages were made on behalf of BFT or by John Does 1-25, not O'Rourke himself.

**B.     BFT is an independent unincorporated nonprofit association and "principal campaign committee" that is separate from O'Rourke.**

Federal law requires that every candidate for federal office (other than the nominee for the office of Vice President) is required to designate in writing a separate political committee to serve as its "principal campaign committee."[6] That principal campaign committee must file Statements of Organization and register with the Federal Election Commission.[7] The committees are associations of groups of persons who may raise funds for campaigns and must have its own treasurer and bank account.[8]  The legal separateness of the committee and the candidate is an essential and highly regulated component of federal campaign finance law.[9]

---

[4] Dkt. 11, Plaintiffs' Amended Class Action Complaint, Exhibit B, p. 19-29.

[5] *Id.*

[6] 52 U.S.C. § 30102(e)(1), (e)(3)(A); 52 U.S.C. § 30101 (defining a principal campaign committee).

[7] 52 U.S.C. § 30103(a),(b).

[8] 52 U.S.C. § 30101(4).

[9] *See* 52 U.S.C. § 30104(a)(2)(B) (strictly limiting and requiring reporting of any funds given by a candidate to a principal campaign committee); 52 U.S.C. § 30114 (stating that a contribution to a campaign committee shall not be converted by any person to personal use).

BFT is an unincorporated nonprofit association organized and designated as a "principal campaign committee" to support the election of O'Rourke to the United States Senate in the 2018 elections.[10] As reflected in its federal filings, it has a treasurer and its own bank accounts.

**C.    Because of the legal separateness, O'Rourke is not liable for the conduct of a principal campaign committee that supports his candidacy.**

In the context of claims against a candidate for actions by a campaign organization, the Fifth Circuit has previously noted that courts must evaluate political campaign committees with the law governing unincorporated nonprofit associations:

> "The common law has neither applied nor created a separate legal regime to resolve disputes concerning the liability of persons affiliated with unincorporated political campaign committees; rather, such disputes have been adjudicated by analogical extension of the law of unincorporated nonprofit associations. That kind of association typically includes such entities as churches, labor unions, and social clubs…Political campaign committees typically are not organized and operated in this manner because they are usually formed for limited purposes and short durations. The typical political campaign committee does not have bylaws; does not create or maintain a "membership" roster (assuming that "membership" is even a proper concept in the context of a political campaign committee); and does not consult its "members" every time the committee incurs a contractual obligation. Accordingly, as the instant case illustrates, the law of unincorporated nonprofit associations can be less than ideally suited to determine precisely who may be held accountable for the contractual debts incurred by an unincorporated campaign committee. Nonetheless, it is our task to resolve the instant controversy based on this body of law."[11]

The issue in *Thornburgh* was whether a candidate could be held liable for a services contract entered into by the campaign. The Fifth Circuit noted that the candidate was not always bound or personally liable as a matter of law, rather, the plaintiff was required to put forth an evidentiary basis to demonstrate that the defendant candidate authorized, assented to, or ratified a contract.[12]

The relevant holding from *Thornburgh* is that political campaign committees are analyzed as nonprofit associations. As such, the result in *Thornburgh* is no longer good law as Texas subsequently adopted Chapter 252 of the TEXAS BUSINESS ORGANIZATION CODE which establishes the

---

[10] See Statement of Organization, FEC Form 1 for "Beto for Texas" filed on March 31, 2017, available at http://docquery.fec.gov/pdf/726/201703310200085726/201703310200085726.pdf (last accessed on January 7, 2019).

[11] *See Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1284-85 (5th Cir. 1994).

[12] *Id.* at 1291.

statutory rules for nonprofit associations, which is any unincorporated association.[13]  Chapter 252 could not be clearer:

(a)     A nonprofit association is a legal entity separate from its members for the purposes of determining and enforcing rights, duties, and liabilities in contract and tort.

(b)     A person is not liable for a breach of a nonprofit association's contract or for a tortious act or omission for which a nonprofit association is liable merely because the person is a member, is authorized to participate in the management of the affairs of the nonprofit association, or is a person considered as a member by the nonprofit association.

(c)     A tortious act or omission of a member or other person for which a nonprofit association is liable is not imputed to a person merely because the person is a member of the nonprofit association, is authorized to participate in the management of the affairs of the nonprofit association, or is a person considered as a member by the nonprofit association.[14]

Because, per *Thornburg*, BFT is evaluated by the law governing unincorporated nonprofit associations, then Chapter 252 makes clear that O'Rourke is not liable for the torts committed by BFT or BFT's agents, regardless of his relationship to BFT.

Thus, even assuming Plaintiffs' allegations to be true that someone working for BFT violated the TCPA, O'Rourke is not liable as a matter of law for that conduct.  The only other theories by which O'Rourke could be liable in this case is (1) if he engaged in the conduct himself that violated the TCPA; or (2) there was an independent basis separate and apart from BFT to establish agency of O'Rourke over the alleged tortfeasors.  However, Plaintiff has not plead either theory, nor has Plaintiffs plead any plausible set of acts to hold O'Rourke responsible under either theory.  As such, Plaintiff has failed to state a claim against O'Rourke and the case against him must be dismissed.

### D.     Conclusion

O'Rourke cannot be liable for the conduct of BFT or BFT's agents as a matter of law. Therefore, Plaintiff has failed to state a claim against O'Rourke.  O'Rourke respectfully requests that the Court dismiss the complaint against him and for such other relief to which he is entitled.

---

[13] *See* TEX. BUS. ORG. CODE § 252.001(2), 252.017; *see also MT Falkin Invs., L.L.C. v. Chisholm Trail Elk Lodge No. 2659*, 400 S.W.3d 658, 665 (Tex. App.–Austin 2013, pet. denied)(noting that *Thornburg* was decided prior to Texas's adoption of Chapter 252/Texas Uniform Unincorporated Nonprofit Associations Act and that the result is inconsistent with Chapter 252); *Vitale & Assocs. v. Lowden*, 690 Fed. Appx. 555, 557 n. 4 (9th Cir. 2017)(holding a senator is not liable for a contract entered into by her campaign and rejecting reliance on *Thornburg* because *Thornburg* was before the UUNAA adopted by Texas).

[14] TEX. BUS. ORG. CODE § 252.006(a)-(c).

## II.
## Subject to the his Motion to Dismiss,
## O'Rourke's Answer and Denials

Subject to his Motion to Dismiss and without waiving it, O'Rourke files the following Answer and Denials in compliance with the Court's electronic order setting the deadline for responses to Plaintiffs' Amended Class Action Complaint.[15]   Unless expressly admitted by O'Rourke, all allegations set forth in Plaintiffs' Amended Class Action Complaint shall be deemed denied.

For ease of reference, O'Rourke will track the headings and numbering set forth in Plaintiffs' Amended Class Action Complaint.

### Nature of the Action

1.      O'Rourke is without sufficient knowledge as to the basis for Plaintiffs' claims on behalf of himself or any other, therefore denies the allegations set forth in paragraph 1 of Plaintiffs' Amended Class Action Complaint.

### Jurisdiction and Venue

2.      O'Rourke admits the allegations set forth in paragraph 2 of Plaintiffs' First Amended Class Action Complaint.

3.      O'Rourke admits the allegations set forth in paragraph 3 of Plaintiffs' First Amended Class Action Complaint.

4.      O'Rourke without sufficient knowledge as to which "defendant" Plaintiff alleges maintains "its" headquarters in Dallas, Texas, and therefore denies the allegations set forth in paragraph 4 of Plaintiffs' Amended Class Action Complaint.

### Parties

5.      O'Rourke is without sufficient knowledge as to the allegations in paragraph 5 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 5 of Plaintiffs' Amended Class Action Complaint.

6.      O'Rourke admits the allegations set forth in paragraph 6 of Plaintiffs' Amended Class Action Complaint.

7.      O'Rourke denies the allegations set forth in paragraph 7 of Plaintiffs' Amended Class Action Complaint .

---

[15] Dkt. 16, Electronic Order.

8.      O'Rourke admits that he is a natural person residing in El Paso, Texas, but otherwise denies paragraph 8 of Plaintiffs' Amended Class Action Complaint.

9.      O'Rourke denies the allegations set forth in paragraph 9 of Plaintiffs' Amended Class Action Complaint.

10.      O'Rourke admits he is a person as defined by 47 U.S.C. § 153(39) but is without sufficient knowledge as to the remaining allegations set forth in paragraph 10 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the remaining allegations set forth in paragraph 10 of Plaintiffs' Amended Class Action Complaint.

11.      O'Rourke denies the allegations set forth in paragraph 11 of Plaintiffs' Amended Class Action Complaint.

### Class Action Allegations

12.      O'Rourke denies in whole Plaintiffs' class action allegations, and therefore denies the allegations set forth in paragraph 12 of Plaintiffs' Amended Class Action Complaint.

13.      O'Rourke denies the allegations set forth in paragraph 13 of Plaintiffs' Amended Class Action Complaint.

14.      O'Rourke denies the allegations set forth in paragraph 14 of Plaintiffs' Amended Class Action Complaint.

15.      O'Rourke is without sufficient knowledge as to the allegations in paragraph 15 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 15 of Plaintiffs' Amended Class Action Complaint.

16.      O'Rourke is without sufficient knowledge as to the allegations in paragraph 16 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 16 of Plaintiffs' Amended Class Action Complaint.

17.      O'Rourke denies the allegations set forth in paragraph 17 of Plaintiffs' Amended Class Action Complaint.

18.      O'Rourke denies the allegations set forth in paragraph 18 of Plaintiffs' Amended Class Action Complaint.

19.      O'Rourke denies the allegations set forth in paragraph 19 of Plaintiffs' Amended Class Action Complaint.

20.      O'Rourke denies the allegations set forth in paragraph 20 of Plaintiffs' Amended Class Action Complaint.

21-23.  Plaintiffs' First Amended Class Action Complaint is missing these paragraphs and O'Rourke therefore does not have responses.

24.     O'Rourke denies the allegations set forth in paragraph 24 of Plaintiffs' Amended Class Action Complaint.

Factual Allegations

25.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 25 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 25 of Plaintiffs' Amended Class Action Complaint.

26.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 26 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 26 of Plaintiffs' Amended Class Action Complaint.

27.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 27 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 27 of Plaintiffs' Amended Class Action Complaint.

28.     O'Rourke denies the allegations set forth in paragraph 28 of Plaintiffs' Amended Class Action Complaint.

29.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 29 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 29 of Plaintiffs' Amended Class Action Complaint.

30.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 30 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 30 of Plaintiffs' Amended Class Action Complaint.

31.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 31 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 31 of Plaintiffs' Amended Class Action Complaint.

32.     O'Rourke denies the allegations set forth in paragraph 32 of Plaintiffs' Amended Class Action Complaint.

33.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 33 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 33 of Plaintiffs' First Amended Class Action Complaint.

34.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 34 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 34 of Plaintiffs' Amended Class Action Complaint.

35.     O'Rourke denies the allegations set forth in paragraph 35 of Plaintiffs' Amended Class Action Complaint.

36.     O'Rourke denies the allegations set forth in paragraph 36 of Plaintiffs' Amended Class Action Complaint.

37.     O'Rourke denies the allegations set forth in paragraph 37 of Plaintiffs' Amended Class Action Complaint.

38.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 38 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 38 of Plaintiffs' Amended Class Action Complaint.

39.     O'Rourke denies the allegations set forth in paragraph 39 of Plaintiffs' Amended Class Action Complaint.

40.     O'Rourke denies the allegations set forth in paragraph 40 of Plaintiffs' Amended Class Action Complaint.

41.     O'Rourke denies the allegations set forth in paragraph 41 of Plaintiffs' Amended Class Action Complaint.

42.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 42 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 42 of Plaintiffs' Amended Class Action Complaint.

43.     O'Rourke is without sufficient knowledge as to the allegations in paragraph 43 of Plaintiffs' First Amended Class Action Complaint, and therefore denies the allegations set forth in paragraph 43 of Plaintiffs' Amended Class Action Complaint.

44.     O'Rourke denies the allegations set forth in paragraph 44 of Plaintiffs' Amended Class Action Complaint.

45.     O'Rourke denies the allegations set forth in paragraph 45 of Plaintiffs' Amended Class Action Complaint.

46.     O'Rourke denies the allegations set forth in paragraph 46 of Plaintiffs' Amended Class Action Complaint.

47.     O'Rourke denies the allegations set forth in paragraph 47 of Plaintiffs' Amended Class Action Complaint.

48.     O'Rourke denies the allegations set forth in paragraph 48 of Plaintiffs' Amended Class Action Complaint.

49.     O'Rourke denies the allegations set forth in paragraph 49 of Plaintiffs' Amended Class Action Complaint.

50.     O'Rourke denies the allegations set forth in paragraph 50 of Plaintiffs' Amended Class Action Complaint.

51.     O'Rourke denies the allegations set forth in paragraph 51 of Plaintiffs' Amended Class Action Complaint.

52.     O'Rourke denies the allegations set forth in paragraph 52 of Plaintiffs' Amended Class Action Complaint.

53.     O'Rourke denies the allegations set forth in paragraph 53 of Plaintiffs' First Amended Class Action Complaint.

54.     O'Rourke denies the allegations set forth in paragraph 54 of Plaintiffs' First Amended Class Action Complaint.

55.     O'Rourke denies the allegations set forth in paragraph 55 of Plaintiffs' Amended Class Action Complaint.

56.     O'Rourke denies that he used an automatic telephone dialing system ("ATDS") and is without sufficient knowledge regarding the remainder of the allegations set forth in paragraph 56 of Plaintiffs' First Amended Class Action Complaint and therefore denies those allegations.

57.     O'Rourke denies that he used a prerecorded message and is without sufficient knowledge regarding the remainder of the allegations set forth in paragraph 57 of Plaintiffs' First Amended Class Action Complaint and therefore denies those allegations.

58.     O'Rourke denies that he used an ATDS and is without sufficient knowledge regarding the remainder of the allegations set forth in paragraph 58 of Plaintiffs' First Amended Class Action Complaint and therefore denies those allegations.

59.     O'Rourke denies that he used a prerecorded message and is without sufficient knowledge regarding the remainder of the allegations set forth in paragraph 59 of Plaintiffs' First Amended Class Action Complaint and therefore denies those allegations.

60.     O'Rourke denies the allegations set forth in paragraph 60 of Plaintiffs' Amended Class Action Complaint.

61.     O'Rourke denies the allegations set forth in paragraph 61 of Plaintiffs' Amended Class Action Complaint.

62.     O'Rourke denies the allegations set forth in paragraph 62 of Plaintiffs' Amended Class Action Complaint.

63.     O'Rourke denies the allegations set forth in paragraph 63 of Plaintiffs' Amended Class Action Complaint.

64.     O'Rourke denies the allegations set forth in paragraph 64 of Plaintiffs' Amended Class Action Complaint.

65.     O'Rourke denies the allegations set forth in paragraph 65 of Plaintiffs' Amended Class Action Complaint.

66.     O'Rourke denies the allegations set forth in paragraph 66 of Plaintiffs' Amended Class Action Complaint.

67.     O'Rourke denies the allegations set forth in paragraph 67 of Plaintiffs' Amended Class Action Complaint.

68.     O'Rourke denies the allegations set forth in paragraph 68 of Plaintiffs' Amended Class Action Complaint.

69.     O'Rourke denies the allegations set forth in paragraph 69 of Plaintiffs' Amended Class Action Complaint.

70.     O'Rourke denies the allegations set forth in paragraph 70 of Plaintiffs' Amended Class Action Complaint.

71.     O'Rourke denies the allegations set forth in paragraph 71 of Plaintiffs' Amended Class Action Complaint.

72.     O'Rourke denies the allegations set forth in paragraph 72 of Plaintiffs' Amended Class Action Complaint.

73.     O'Rourke denies the allegations set forth in paragraph 73 of Plaintiffs' Amended Class Action Complaint.

74.     O'Rourke admits the allegations set forth in paragraph 74 of Plaintiffs' Amended Class Action Complaint.

75.     O'Rourke denies that he has engaged in any form of "abuse" and therefore denies the allegations set forth in paragraph 75 of Plaintiffs' Amended Class Action Complaint.

76.     The FCC's statements speak for themselves, and paragraph 76 of Plaintiffs' First Amended Class Action Complaint therefore requires no response.

77.     To the extent he is included in the phrase "Defendants," O'Rourke admits the allegations set forth in paragraph 77 of Plaintiffs' Amended Class Action Complaint.

78.     O'Rourke denies the allegations set forth in paragraph 78 of Plaintiffs' Amended Class Action Complaint.

79.     To the extent he is included in the phrase "Defendants," O'Rourke admits the allegations set forth in paragraph 79 of Plaintiffs' Amended Class Action Complaint.

80.     O'Rourke denies the allegations set forth in paragraph 80 of Plaintiffs' Amended Class Action Complaint.

81.     O'Rourke admits that he is a natural person but denies the remaining allegations set forth in paragraph 81 of Plaintiffs' Amended Class Action Complaint as he is not, at the time of the filing of this case against him, running for U.S. Senate in Texas.

82.     O'Rourke denies the allegations set forth in paragraph 82 of Plaintiffs' Amended Class Action Complaint.

83.     The allegations set forth in paragraph 83 of Plaintiffs' First Amended Class Action Complaint do not specify why O'Rourke would bear any burden of proof and therefore O'Rourke denies the allegations set forth in paragraph 83 of Plaintiffs' Amended Class Action Complaint

### Count I - Violations of the Telephone Consumer Protection Act

84.     O'Rourke restates and re-alleges by reference paragraphs 1 through 83 of O'Rourke's Answer to Plaintiffs' First Amended Class Action Complaint.

85.     The cited sections of the TCPA speak for themselves, and paragraph 85 of Plaintiffs' First Amended Class Action Complaint therefore requires no response.

86.     The Ninth Circuit's opinion in *Marks v. Crunch San Diego* speaks for itself, and paragraph 86 of Plaintiffs' First Amended Class Action Complaint therefore requires no response.

87.     O'Rourke denies the allegations set forth in paragraph 87 of Plaintiffs' Amended Class Action Complaint.

88.     O'Rourke denies the allegations set forth in paragraph 88 of Plaintiffs' Amended Class Action Complaint.

89.     To the extent he is included in the phrase "Defendants," O'Rourke admits the allegations set forth in paragraph 89 of Plaintiffs' Amended Class Action Complaint.

90.     O'Rourke denies the allegations set forth in paragraph 90 of Plaintiffs' Amended Class Action Complaint.

91.     O'Rourke denies the allegations set forth in paragraph 91 of Plaintiffs' Amended Class Action Complaint.

## Affirmative Defenses

1.      O'Rourke is not liable in the capacity in which he is sued.  He has no liability for actions undertaken by BFT or any individual complained of in Plaintiffs' Amended Class Action Complaint. O'Rourke asserts the protections of Chapter 252 of the Texas Business Organization Code.

2.      The action against O'Rourke is based on, relates to, or is in response to O'Rourke's exercise of free speech, right to petition, or right of association and therefore must be dismissed under the Texas Citizen Participation Act with attorneys' fees and sanctions being awarded.

3.      O'Rourke has complied in all respects with any and all obligations that he may have owed to Plaintiff.

4.      O'Rourke did not use an ATDS to send text messages.  While not specifically plead, no agent or employee of O'Rourke's used an ATDS to send text messages.

5.      O'Rourke did not use an artificial and/or prerecorded voice to send text messages. While not specifically plead, no agent or employee of O'Rourke's used an artificial and/or prerecorded voice to send text messages.

6.      Plaintiffs' First Amended Class Action Complaint is barred, in whole or in part, by the doctrine of laches.

7.      Plaintiffs' First Amended Class Action Complaint is barred, in whole or in part, by the doctrine of unclean hands.

8.      Plaintiffs' First Amended Class Action Complaint is barred, in whole or in part, by the doctrine of waiver.

9.      Plaintiffs' First Amended Class Action Complaint is barred, in whole or in part, by one or more of the respective doctrines of estoppel.

10.     Plaintiff lacks standing to sue O'Rourke.

11.     Plaintiff has not incurred any actual injury or damages.

12.     Any recovery by Plaintiff of statutory damages violates O'Rourke's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under the Texas Constitution.

13.     If Plaintiff has sustained any damages, all such damages were not caused by O'Rourke, but were caused by the acts or omissions of third-parties over whom O'Rourke has no control.

14.     Plaintiff is not entitled to recovery, in whole or in part, based upon his failure to mitigate damages. As such, any recovery should be reduced or precluded to the extent of such failure.

15.     O'Rourke did not engage in any knowing or willful conduct toward Plaintiff.

16.     The claim asserted by Plaintiff is not so numerous that joinder of all members of the putative class is impracticable.

17.     The putative class is not ascertainable.

18.     The claim asserted by Plaintiff does not raise questions of law or fact common to the putative class.

19.     Neither the claim asserted by Plaintiff nor the defenses available to and asserted by O'Rourke are typical of those of the putative class.

20.     Neither the named class representatives nor their counsel will fairly and adequately protect the interests of the putative class.

21.     The claim asserted by Plaintiff does not raise common questions that will predominate or promote the manageability of this action.

22.     Class treatment is not superior to other available methods for the fair and efficient adjudication of this action.

23.     O'Rourke reserves the right to assert such other and additional defenses for which discovery may reveal a factual basis.

24.     The allegations of the First Amended Class Action Complaint are not well-grounded either in fact or in law, and/or have been asserted for an improper purpose, and O'Rourke reserves the right to seek an award of attorney's fees and costs of suit against Plaintiff based thereon.

25.     O'Rourke asserts an affirmative defense that relies upon such defenses as may become legally available hereunder or become apparent during discovery, including without limitation those defenses specific to the statutory law and common law of the United States of America which were available at the time the action was commenced or became available during the pendency of this proceeding and thereby reserves the right to amend his answer to assert any such defenses.

Having fully answered Plaintiffs' First Amended Class Action Complaint, O'Rourke prays that the Court dismiss Plaintiffs' First Amended Class Action Complaint with prejudice and award O'Rourke any other relief the Court deems equitable and just.

Respectfully submitted,

*/s/ Charla G. Aldous*
CHARLA G. ALDOUS
State Bar. No. 20545235
caldous@aldouslaw.com
BRENT R. WALKER
State Bar No. 24047053
bwalker@aldouslaw.com

ALDOUS\WALKER LLP
2311 Cedar Springs Rd., Suite 200
Dallas, TX 75201
Ph:     (214) 526-5595
Fax:    (214) 526-5525

ATTORNEYS FOR DEFENDANT
BETO O'ROURKE

\* \* \*

## CERTIFICATE OF SERVICE

I  certifies that the foregoing document was served on all counsel of record via the Court's e-filing system on January 7, 2019.

*/s/ Charla G. Aldous*
CHARLA G. ALDOUS