In the United States District Court
For the Northern District of Texas
Dallas Division

| | |
|---|---|
| Sameer Syed, individually and on behalf of all others similarly situated,<br>　　　　　　　　　　*Plaintiff(s)*,<br><br>v.<br><br>Beto for Texas, Beto O'Rourke, and John Does 1-25,<br>　　　　　　　　　　*Defendants.* | Civil Action No. 3:18-CV-2791 |

### Defendant Beto O'Rourke's Reply to Plaintiff's Response (Dkt. 25) to His Motion to Dismiss

　　Beto O'Rourke ("O'Rourke") set forth in his *Motion to Dismiss* (Dkt. 19) clear statutory and caselaw establishing that he should not be a party to this matter because under Texas law he is not and cannot be liable for the conduct of Beto for Texas ("BFT") complained of by Plaintiff. As such, the claims against him must be dismissed. Plaintiff filed a very brief *Response* (Dkt. 25) that mischaracterizes O'Rourke's *Motion* and fails to address the legal bar to Plaintiff's claim.

### I.
### Plaintiff Argues Allegations That Do Not Exist in his Complaint

　　Plaintiff begins his *Response* by discussing the concept of a "notice" pleading and then conceding that, under *Iqbal* and *Twombly*, he was required to plead factual content and allegations sufficient to raise a right to relief above the speculative level. *Response* at p. 2. Plaintiff then proceeds to claim for the first time:

> "At O'Rourke's direction BFT used a text messaging system called Relay that automatically generated text messages and sent them to Texas residents using a pool of outbound phone numbers provided by Relay."

*Response* at 3. The phrase "At O'Rourke's direction" does not appear in Plaintiff's Amended Complaint. Plaintiff asserts it here in an effort to imply that O'Rourke had knowledge of and involvement in the decision of Beto for Texas to use Relay. However, nowhere in Plaintiff's

*Amended Complaint* is that factual allegation properly plead. O'Rourke is referenced personally only 4 times in the *Amended Complaint* other than in the caption and nowhere is there any conduct alleged to have been engaged in by him personally. Thus the claim in Plaintiff's *Response* that O'Rourke personally did anything is not an allegation that exists in the *Amended Complaint*. Nor is there any inference supported by facts alleged in the *Amended Complaint* that O'Rourke personally was involved in any such decisions. As set forth in his *Motion*, the actual messages that Plaintiff complains of reflect that they were sent on behalf of BFT–not O'Rourke.

Given there is never an allegation made about O'Rourke's individual conduct, there can be no factual basis for a claim against him. Plaintiff's claims must be dismissed.

## II.
### Plaintiff Provides this Court with No Statutory Authority or Caselaw Authority That Would Allow Him to Circumvent the Express Bar to Liability in the Business Organization Code

In his *Motion to Dismiss*, O'Rourke sets forth the statutory and caselaw which demonstrates that he has no personal liability for the conduct of BFT, which is an unincorporated nonprofit association governed by Texas Business Organization Code § 252.006.

In his *Response*, Plaintiff never disputes the following:

1. BFT is properly considered an unincorporated nonprofit association;

2. BFT is the entity that contracted with Relay and engaged in the conduct complained of in Plaintiff's *Amended Complaint*;

3. Texas Business Organization Code § 252.006(a) codifies that BFT is a legal entity separate from its members for purposes of determining and enforcing rights, duties, and liabilities in contract and tort;

4. Texas Business Organization Code § 252.006(b) codifies that a person is not liable for a tortious act or omission for which a nonprofit association is liable merely because the person is a member, is authorized to participate in the management of the affairs of the nonprofit association, or is a person considered as a member by the nonprofit association.

5. O'Rourke is insulated from liability by the express terms of Texas Business Organization Code § 252.006.

Plaintiff never provides this Court with any factual or legal argument to rebut the fact that O'Rourke cannot be personally liable for the conduct complained of in the *Amended Complaint*.

Instead, Plaintiff constructs a strawman argument that is not even based on the thin legal authority to which he points. Plaintiff states without any recitation to facts or pleadings:

> "O'Rourke claimed that BFT had been terminated sometime shortly after the November 6th, 2018 election. If BFT is terminated or dissolved then it cannot shield O'Rourke from liability. BFT was sued and served with this lawsuit on October 22, 2018, prior to the election and before it allegedly terminated its existence. BFT and O'Rourke had actual knowledge of Mr. Syed's claims against BFT but BFT allegedly terminated and distributed its assets to unknown parties to avoid liability. O'Rouke and BFT are not separate as BFT has been terminated or dissolved."

*Response* at 3. The premise of Plaintiff's argument is a strawman. Despite stating that "O'Rourke claimed that BFT had been terminated" and "BFT allegedly terminated and distributed its assets to unknown parties to avoid liability", there are no citations to O'Rourke's pleading for these alleged assertions by O'Rourke. Upon review, it is clear that nowhere in O'Rourke's *Motion* does he claim that BFT has been terminated, dissolved, or that BFT's assets have been distributed.

The only thing that comes even close to a discussion as to BFT's current status is a reference in O'Rourke's *Motion* that "as the election was over, BFT's reason for existence as an association came to an end." That statement was included to provide context as to why Plaintiff amended his Complaint to name O'Rourke personally and 25 "John Does". It cannot be ignored that Plaintiff filed the lawsuit originally against BFT towards the end of a high profile and contentious senatorial campaign, at a time that guaranteed Plaintiff would get press coverage and while BFT was raising funds. One might suspect this was done in hopes of exploiting the issue of publicity and extracting a nuisance settlement. However, BFT did not resolve the case before the election and moved to dismiss it afterwards. It is reasonable to consider that Plaintiff realized that BFT was no longer worried about negative publicity and would no longer be fund-raising like it was when the lawsuit was filed, so Plaintiff was looking for additional pockets to reach into for money when he added in O'Rourke personally.

The passing reference by O'Rourke highlighting why he was added is in no way a claim that BFT "was terminated and dissolved". Nor can Plaintiff rely on the lone statement in the *Motion* as the basis for the unfounded allegation that BFT "distributed its assets to unknown parties to avoid liability". Such a claim is false. BFT still exists and still has its assets. Further, no such inference in support of Plaintiff's allegation can be drawn, as BFT is an entity that is regulated by campaign finance laws regarding what can and cannot be done with its assets. Had Plaintiff looked online at the Federal Election Campaign website–and O'Rourke provided the FEC identification number in

footnote 1 on page 1 of his *Motion*–Plaintiff would have noted that BFT still was filing reports with the FEC, including a filing on January 31, 2019 indicating that the campaign committee reported "end of year" cash on hand of $286,531.29. Plaintiff has no evidentiary basis to claim that BFT is dissolved and its assets distributed.

In short, Plaintiff has manufactured an incorrect strawman. BFT exists as a nonprofit association legal entity, and Tex. Bus. Org. Code § 252.006(a)-(c) makes clear that members or individuals involved in the management of the nonprofit association are not liable for tortious acts of BFT. Therefore, Plaintiff has failed to state a claim against O'Rourke, and the Court should grant the motion to dismiss.

### III.
### Even Under Plaintiff's Strawman Argument, Plaintiff Is Still Wrong on the Law

However, even if there were some issue about BFT ceasing to exist as a nonprofit association, Plaintiff's legal argument still fails. Plaintiff cites to three cases to advance his strawman argument.

First, Plaintiff states "If BFT is terminated or dissolved, then it cannot shield O'Rourke from liability" and drops a footnote citing to *MT Falkin Invs., L.L.C. v. Chisholm Trail Elks Lodge No. 2659*–a case cited by O'Rourke in his *Motion*.[1] There is absolutely nothing in the *MT Falkin* case which supports the statement made by Plaintiff. In fact, the opinion stands for the exact opposite proposition (which is why O'Rourke cited it in his *Motion*.) In that case, Chisholm Trail was a member of the Williamson County Charitable Bingo Association.[2] The WCCBA entered into a lease with MT Falkin to use a building as bingo hall. Three months after the lease commenced, the WCCBA informed MT Falkin that it was "ceasing the shared bingo business immediately," and the WCCBA subsequently defaulted on the Lease Agreement.[3] MT Falkin sued Chisholm Trail as a member of the WCCBA. The Austin Court of Appeals rejected all of MT Falkin's arguments and held that Chisholm Trail cannot be liable for the debt because of Chapter 252 of the Texas Business Organization Code which provides that members are not liable for the contracts

---

[1] 400 S.W.2d 658 (Tex. App.–Austin 2013, pet denied.).

[2] *Id*. at 659.

[3] *Id*. at 660.

or torts of the nonprofit association.[4]  Thus, the opinion which Plaintiff cites for its Strawman argument actually holds the exact opposite of what Plaintiff represented to the Court.

Next, Plaintiff claims "Under Texas law if a nonprofit unincorporated association is terminated or dissolved then a general partnership is formed by default [2] [3]."  This claim has two citations that are footnoted: (2) *Varosa Energy, Ltd. v. Tripplehorn*, No. 01-12-00287-CV, 2014 WL 1004250 (Tex. App.–Houston [1 Dist.] st Mar. 13, 2014), and (3) *American Star Energy and Minerals Corp. v. Stowers*, 405 S.W.3d 905 (Tex. App.–Amarillo 2013).  Here again, Plaintiff flatly misrepresents the law: ***neither case even mentions the concept of an unincorporated association much less discusses the legal consequence of the dissolution of one***.  Suggesting that the cases establish a principle "Under Texas law" that a general partnership is formed by default when an unincorporated association is terminated is a violation of candor by Plaintiff.  Neither of the cases addresses anything of the sort.

*Varosa Energy* is an unpublished memorandum opinion arising out of a jury verdict awarding Varosa $892,000 for breach of contract by Jake Rollings d/b/a Jake's Equipment and Repair.  The case deals solely with the separate legal concept of a joint venture which was plead in that case and found to exist by way of a jury verdict. Here, there is no allegation in this case that O'Rourke is engaged in a joint venture with BFT, so the case has no application at all to the *Motion to Dismiss* or the case at hand.  It certainly has nothing to do with unincorporated associations as Plaintiff claims.

Similarly, Plaintiff cites to the Amarillo Court of Appeals opinion in *American Star*–which was appealed to and reversed by the Texas Supreme Court. In the reversed Amarillo Court opinion, that Court held that partners in a partnership who are jointly and severally liable for all obligations under a partnership under the TEXAS BUSINESS ORGANIZATION CODE § 152.304(a) must be sued during the same limitations period of the partnership itself.  The opinion deals expressly with a partnership and an entirely different section of the TEXAS BUSINESS ORGANIZATION CODE. The Amarillo Court's holding in *American Star*–which the Supreme Court reversed–has no application in this case because there is no allegation that O'Rourke was in a partnership with BFT. Ironically, the Supreme Court's holding in *American Star* includes holding that "a claim must be litigated against the partnership so that its obligation is determined, reduced to damages, and fixed in judgment" and "only after the partnership fails to [pay the judgment]" can a partner be held to

---

[4] *Id.* at 664-666.

account.[5]  So even if the Court incorrectly construed this is a partnership, the Supreme Court's holding in *American Star* supports dismissal of the claim against the alleged partner until the partnership fails to pay a judgment.

Plaintiff has represented to this Court that a legal principle exists that: (1) an unincorporated nonprofit association is treated as a partnership; (2) that O'Rourke is apparently deemed a partner in that partnership for some unstated reason; and (3) that he can then be sued for the debts of the partnership.  No such support in the caselaw exists.  Plaintiff has misrepresented the law.

## IV.
## Conclusion

O'Rourke is not liable for the conduct of the unincorporated nonprofit association BFT or BFT's agents as a matter of law. Plaintiff does not refute that.  Plaintiff's attempt to manufacture facts which do not exist (that BFT is dissolved and its assets distributed) and legal principles that do not exist (unincorporated associations are treated as partnerships) is unavailing and insufficient to avoid the clear consequence of Texas Business Organization Code § 252.006 which bars Plaintiff's claim against O'Rourke individually.

Therefore, Plaintiff has failed to state a claim against O'Rourke.  O'Rourke respectfully requests that the Court dismiss the complaint against him and for such other relief to which he is entitled.

Respectfully submitted,

*/s/ Charla G. Aldous*
Charla G. Aldous
State Bar. No. 20545235
caldous@aldouslaw.com
Brent R. Walker
State Bar No. 24047053
bwalker@aldouslaw.com
Aldous\Walker LLP
2311 Cedar Springs Rd., Suite 200
Dallas, TX 75201
Ph:   (214) 526-5595
Fax:  (214) 526-5525

Attorneys for Defendant
Beto O'Rourke

---

[5] *American Star Energy v. Stowers*, 457 S.W.3d 427, 431 (Tex. 2015).

\* \* \*
### Certificate of Service

I certifies that the foregoing document was served on all counsel of record via the Court's e-filing system on February 22, 2019.

                                                   */s/ Brent R. Walker*
                                                   Brent R. Walker