IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMEER SYED, individually and on behalf of all
others similarly situated,

                                    *Plaintiff(s)*,

vs.

BETO FOR TEXAS, BETO O'ROURKE,
AND JOHN DOES 1-25,

                                    *Defendants*.

CIVIL ACTION NO. 3:18-CV-2791

---

JOINT STATUS REPORT

---

Pursuant to the Court's Order entered June 4, 2019 and in accordance with Federal Rule of

Civil Procedure 26(f), a case management conference was conducted on June 17, 2019, among

counsel of record for Plaintiff Sameer Syed ("Plaintiff") and Defendants Beto for Texas ("Beto for

Texas") and Beto O'Rourke ("O'Rourke"). Accordingly, counsels submit the following Joint

Status Report Regarding the Contents of a Scheduling Order ("Joint Status Report") and Agreed

Proposed Discovery Plan.

**(1)      A brief statement of the nature of the case, including the contentions of the parties.**

Plaintiff: Defendants Beto for Texas and Mr. Beto O'Rourke aka Robert Francis O'Rourke have

engaged in sending out automated pre-recorded text messages to millions of individuals and

cellular phones in Texas without their consent. The text messages were sent using an "automatic

telephone dialing system" ("ATDS") and the messages sent were prerecorded messages. Every

ATDS requires some form or human intervention to operate. However, the Defendants volunteers

did not use personal cellular phone to send these text messages, they did not dial any phone

numbers, and they did not write the content of the text messages. The content of the text messages was prerecorded or prewritten and the names of the recipients was automatically inserted into the text messages. The volunteers had minimal human intervention with the ATDS because they did not dial the phone numbers, did not write the messages, did not enter the names of the recipients, but simply may have had to press send. This does not rise to a level of "substantial human intervention" nor is that the standard for ATDS in the Fifth Circuit.

Secondly, Mr. Beto O'Rourke should be held personally liable since he caused the entity Beto for Texas to dissolve after being served with a lawsuit. This was an attempt to conceal assets of the entity from our lawsuit. Both Defendants had actual notice of the lawsuit and were properly served before the alleged dissolution of Beto for Texas. Mr. O'Rourke should not be allowed to limited his liability by creating a legal entity (Beto for Texas) and then avoid any liability all together by dissolving the entity and saying there are no assets to recover from. It is established law throughout the country that dissolving a legal entity after a lawsuit has been properly served places the principals of that entity in its shoes. Therefore, we ask that Mr. Beto "Francis" O'Rourke be placed in the shoes of Beto for Texas if indeed Beto for Texas has been dissolved.

<u>Defendant Beto for Texas</u>: Plaintiff alleges in the first amended complaint that Beto for Texas used an "automatic telephone dialing system" ("ATDS") to send "prerecorded" texts to consumers' cell phones without prior express consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

The texts sent on behalf of Beto for Texas were not made using an ATDS. Specifically, the dialing system used to send the texts is incapable of sending texts without direct, substantial human intervention, as the system is physically separate and it does not share equipment with any system

which does have the capacity to send texts without human intervention. The texts are individualized and made peer-to-peer by human senders.

Plaintiff's allegation that the texts were "prerecorded" is also unfounded. The Fifth Circuit has concluded that "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015). The first amended complaint contains no such allegation nor is there any evidence that the texts played an artificial or prerecorded voice.

<u>Defendant Beto O'Rourke</u>: O'Rourke should not be a party to this matter as, under Texas law, he is not and cannot be liable for the conduct complained of by Plaintiff. As such, the claims against him must be dismissed.

Plaintiff originally sued Beto for Texas, a federally registered principal campaign committee, alleging that it sent text messages to Plaintiff and a putative class of individuals in violation of the TCPA. The lawsuit was filed on October 19, 2018, just over three weeks prior to the 2018 mid-term elections during a period of heightened publicity towards O'Rourke. After the election, Beto for Texas moved to dismiss the complaint under Rule 12(b)(6) due to the failure to plead a viable claim against Beto for Texas. Also, as the election was over, Beto for Texas's reason for existence as an association came to an end. In response, Plaintiff sought to amend, and Plaintiff added claims against O'Rourke and 25 "John Does" in addition to Beto for Texas. However, in so doing, Plaintiff asserted no new facts that would give rise to personal liability of O'Rourke, and no factual basis exists to hold O'Rourke personally liable in this case. Rather, Plaintiff–*at times*– lumps all the parties defendant together with the phrase "Defendants" without differentiating who allegedly did what. At no point in time does Plaintiff allege any conduct specifically done by O'Rourke, controlled by O'Rourke, or any other theory of law that would set forth a plausible

basis to hold O'Rourke individually liable in this case. Moreover, Texas law is clear that O'Rourke cannot be held liable for the conduct, if any, of Beto for Texas or Beto for Texas's agents. Chapter 252 of the Texas Business Organizations Code specifically bars Plaintiff's effort to sue O'Rourke for the actions of alleged agents of Beto for Texas. This failure to state a claim against O'Rourke individually requires that the Court dismiss his claim.

**(2)    Any challenge to jurisdiction or venue.**

Plaintiff: None.

Defendant Beto for Texas: None.

Defendant Beto O'Rourke: None.

**(3)    Any pending or contemplated motions and proposed time limits for filing motions.**

The Parties propose staggered dispositive deadlines with the Motion for Class Certification due on April 3, 2020. The Motion(s) for Summary Judgment on the merits will be due 45 days after the Court's ruling on the Motion for Class Certification.

Plaintiff: Plaintiff may file a motion for summary judgment and may file other motions.

Defendant Beto for Texas: Beto for Texas will file a motion for summary judgment and may file other motions.

Defendant Beto O'Rourke: O'Rourke has a pending motion to dismiss. If it is not granted, O'Rourke will file promptly file a motion for summary judgment regarding the interpretation of a statutory defense that must be determined as a matter of law and may file other motions.

**(4)    Any matters which require a conference with the court.**

Plaintiff: None

Defendant Beto for Texas: None.

Defendant Beto O'Rourke: None.

**(5)    Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings.**

The Parties propose September 6, 2019 for the deadline to add parties or amend pleadings.

<u>Plaintiff</u>: Plaintiff needs to undertake discovery to determine any other parties which may be required to be joined to this action and reserves its right to join additional parties as discovery proceeds.

<u>Defendant Beto for Texas</u>: Beto for Texas believes it needs to undertake discovery before it can make a determination as to the likelihood of joining of other parties prior to discovery. Beto for Texas reserves its right to join additional parties as discovery proceeds.

<u>Defendant Beto O'Rourke</u>: O'Rourke believes that the case against him must be disposed of as a matter of law.  However, if the Court denies his pending Motion to Dismiss and a subsequent Motion for Summary Judgment regarding the interpretation of a statutory defense that must be determined as a matter of law, he may need to undertake discovery before it can make a determination as to the likelihood of joining of other parties prior to discovery. O'Rourke reserves his right to join additional parties as discovery proceeds.

**(6)    Discovery Plan**

**An estimate of the time needed for discovery, with reasons; A specification of the discovery contemplated; and Limitations, if any, that should be placed on discovery. If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.**

A.    Initial Disclosures

The Parties do not object to initial disclosures pursuant to Rule 26(a)(1). The Parties propose that initial disclosures be made by July 19, 2019. The Parties do not believe any changes in the form or requirement for Rule 26(a) disclosures should be necessary.

B.    Areas of Discovery

The Parties do not believe that discovery needs to be conducted in phases or limited to specific subject matter. The Parties propose discovery in accordance with the Federal Rules.

Because the case is a class action, has multiple defendants, and the case relies on technical issues including whether the dialing system used was an ATDS as defined in the TCPA and by the FCC, the Parties propose March 6, 2020 as the deadline for completing discovery.

Plaintiff: Plaintiff seeks discovery on the following topics: (1) all documents, data and information supporting Defendants' defenses; (2) all documents, data and information regarding Defendants' telephone dialing and texting system; and (3) all documents, data and information regarding the Defendants' assets and distributions. Plaintiff intends to have an expert witness. Plaintiff also requests that discovery to be exchanged via email.

Defendant Beto for Texas: Beto for Texas plans to seek discovery on the following topics: (1) all documents, data and information supporting Plaintiff's claims; (2) all documents, data and information regarding Plaintiff's adequacy as a class representative; and (3) all documents, data and information regarding other claims Plaintiff has made and/or lawsuits he has filed, including those alleging violations of the TCPA. Beto for Texas will depose Plaintiff and may depose other individuals and entities associated with the lawsuit. Beto for Texas intends to have an expert witness.

Defendant Beto O'Rourke: If the Court does not grant O'Rourke's motion to dismiss or his Motion for Summary Judgment regarding the interpretation of a statutory defense that must be determined as a matter of law, O'Rourke plans to seek discovery on the following topics: (1) all documents, data and information supporting Plaintiff's claims; (2) all documents, data and information regarding Plaintiff's adequacy as a class representative; and (3) all documents, data and information regarding other claims Plaintiff has made and/or lawsuits he has filed, including those

alleging violations of the TCPA. O'Rourke may depose Plaintiff and may depose other individuals and entities associated with the lawsuit. O'Rourke may have an expert witness.

| EVENT | PROPOSAL |
|---|---|
| Initial Disclosures | July 19, 2019 |
| Amendment of Pleadings | September 6, 2019 |
| Plaintiff's Expert Report | January 31, 2020 |
| Defendants' Expert Report(s) | March 6, 2020 |
| Close of Discovery | March 6, 2020 |
| Motion for Class Certification | April 3, 2020 |
| Motion(s) for Summary Judgment | 45 days after Court's ruling on Motion for Class Certification |
| Trial | 45 days after Court's ruling on Motion for Summary Judgment |

C.    Electronic Evidence and Confidentiality

Undersigned counsel have discussed the disclosure and preservation of electronically-stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such data where appropriate, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The Parties expect much discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. The Parties have agreed to meet and confer regarding an ESI Order.

To the extent any other issues regarding the format for electronic discovery arise, the parties will confer in good faith before bringing them to the attention of the Court.

The Parties anticipate entering a stipulated protective order to govern the confidentiality of certain documents and information produced and exchanged in discovery and will move the Court for such an order at the appropriate time.

**(7)     A statement that counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Counsel for the Parties have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988), and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

**(8)     Requested trial date, estimated length of trial, and whether a jury has been demanded.**

Plaintiff: Plaintiff requests a trial date 45 days after the Court's ruling on all dispositive motions. The trial length will be two days and Plaintiff has timely demanded a jury trial.

Defendant Beto for Texas: Beto for Texas requests the trial be scheduled 45 days after the Court's rulings on all dispositive motions. Beto for Texas estimates the trial length will be two days and requests a bench trial.

Defendant Beto O'Rourke: O'Rourke requests the trial be scheduled for a bench trial 45 days after the Court's ruling on all dispositive motions.  O'Rourke estimates the trial length will be no more than two days if handled as a bench trial.

**(9)     Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge Renée Harris Toliver per 28 U.S.C. § 636(c). The parties are to simply state that they consent or do not consent to trial before the magistrate judge. The court does not wish to know the identity of the party refusing to consent. *See* Fed. R. Civ. P. 73(b).**

The Parties do not consent to trial before the magistrate judge.

**(10)    Prospects for settlement, and status of any settlement negotiations.**

The Parties have begun settlement discussions, but have not come to an agreement at this time.

**(11)    Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

The Parties do not agree to mediation or to other alternative dispute resolution at this time.

**(12)    Any other matters relevant to the status and disposition of this case.**

The Parties do not foresee any other matters relevant to the status and disposition of this case at this time.

Respectfully submitted,

/s/ William E. Raney

Dean Gresham
Texas Bar No. 24027215
dean@stecklerlaw.com
L. Kirstine Rogers
Texas Bar No. 24033009
krogers@stecklerlaw.com
Steckler Gresham Cochran PLLC
12720 Hillcrest Rd., Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040

William E. Raney
*(Pro hac vice)*
Missouri Bar No. 46954
braney@clrkc.com
Kellie Mitchell Bubeck
*(Pro hac vice)*
Missouri Bar No. 65573
kbubeck@clrkc.com
Copilevitz, Lam & Raney, P.C.
310 W. 20th Street, Suite 300
Kansas City, MO 64108
Phone: (816) 472-9000
Fax:     (816) 472-5000

Attorneys for Defendant Beto for Texas

/s/ Charla G. Aldous

Charla G. Aldous
Texas Bar. No. 20545235
caldous@aldouslaw.com
Brent R. Walker
Texas Bar No. 24047053
bwalker@aldouslaw.com
Aldous\Walker LLP

2311 Cedar Springs Rd., Suite 200
Dallas, TX 75201
Phone: (214) 526-5595
Fax: (214) 526-5525

ATTORNEYS FOR DEFENDANT BETO O'ROURKE

*/s/ Shawn Jaffer*

SHAWN JAFFER
Texas Bar No. 24107817
shawn@jafflaw.com
SHAWN JAFFER LAW FIRM PLLC
6136 Frisco Square Blvd, Suite 400
Frisco, TX 75034
Phone: (214) 210-9910
Fax: (214) 594-6100

ATTORNEY FOR LEAD PLAINTIFF SAMEER SYED

* * *

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via the Court's e-filing system on this 2nd day of July, 2019.

*/s/ William E. Raney*
WILLIAM E. RANEY